1   LIONEL Z. GLANCY (#134180)
2   MICHAEL GOLDBERG (#188669)
    GLANCY BINKOW & GOLDBERG LLP
3   1801 Avenue of the Stars, Suite 311
    Los Angeles, California 90067
4   Telephone:       (310) 201-9150
    Facsimile:       (310) 201-9160
5   E-mail:          info@glancylaw.com

6   Attorneys for Plaintiff and
    Proposed Co-Lead Counsel
7   [Additional Counsel on Signature Page]

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| 11  FRANK HODGES, Individually and on Behalf of All Others Similarly Situated, | No. 09-cv-04073-MMC |
|---|---|
| 12                               Plaintiff, | CLASS ACTION |
| 13             v. | **NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14  IMMERSION CORPORATION, VICTOR A. VIEGAS, RALPH EDWARD CLENTON RICHARDSON, STEPHEN M. AMBLER and DANIEL J. CHAVEZ, |  |
| 15 |  |
| 16 |  |
| 17                               Defendants. |  |
| 18 |  Date: December 11, 2009 |
| 19 |  Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>Honorable Maxine M. Chesney |
| 20  MICHAEL POSNER, Individually and on Behalf of All Others Similarly Situated, | No. 09-cv-04118-PJH |
| 21 |  |
| 22                               Plaintiff, |  |
| 23             v. |  |
| 24  IMMERSION CORPORATION, VICTOR A. VIEGAS, CLENT RICHARDSON and STEPHEN AMBLER, |  |
| 25 |  |
| 26                               Defendants. |  |

27   [Captions Continue on Following Page]

28

| | |
|---|---|
| JASON BARRIOS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, VICTOR A. VIEGAS, STEPHEN M. AMBLER, DANIEL J. CHAVEZ and RALPH EDWARD CLENTON RICHARDSON,<br><br>Defendants. | No. 09-cv-04412-JW |
| STEVEN H. BUELL, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, VICTOR A. VIEGAS, STEPHEN M. AMBLER, DANIEL J. CHAVEZ and RALPH EDWARD CLENTON RICHARDSON,<br><br>Defendants. | No. 09-cv-04561-CRB |
| ANDREW BENSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMERSION CORPORATION, VICTOR A. VIEGAS, CLENT RICHARDSON and STEPHEN AMBLER,<br><br>Defendants. | No. 09-cv-04744-HRL |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Friday, December 11, 2009, at 9:00 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Maxine M. Chesney, situated at 450 Golden Gate Ave., San Francisco, California, proposed lead plaintiff Norbert Muller (hereinafter "Movant") will move, and hereby does move, for an order (a) consolidating the related actions, appointing Norbert Muller as lead plaintiff, and (b) approving Movant's selection of Kirby McInerney, LLP and Glancy Binkow & Goldberg LLP as co-lead counsel for the Class.

Movant seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as lead plaintiff and approval of co-lead counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Norbert Muller respectfully submits the following memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of co-lead counsel.

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

1

1

**TABLE OF CONTENTS**

2 TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3
I. STATEMENT OF ISSUES TO BE DECIDED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
4

5 II. FACTUAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6 III. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7 IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8
A. The Related Actions Should be Consolidated . . . . . . . . . . . . . . . . . . . . . . . . . . 5
9

10 B. Norbert Muller Should Be Appointed Lead Plaintiff  . . . . . . . . . . . . . . . . . . . . 5

11 1. Norbert Muller is Making a Motion in Response To A Notice . . . . . . . . . 6

12
2. Norbert Muller Has The Largest
13 Financial Interest In This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14 3. Norbert Muller Satisfies The Requirements
15 Of Rule 23 Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . 7

16 a. Norbert Muller's Claims Are Typical . . . . . . . . . . . . . . . . . . . . 8

17 b. Norbert Muller Is An Adequate Representative  . . . . . . . . . . . . . 8
18
4. Norbert Muller Is Presumptively
19 The Most Adequate Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20
B. The Court Should Approve Lead Plaintiff's Choice Of Counsel  . . . . . . . . . . . 10
21

22 V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23

24

25

26

27

28

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

i

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

4  *City of Harper Woods Employees Retirement System v. AXT, Inc.,*
5       2005 WL 318813 (N.D. Cal. Feb. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6  *Greebel v. FTP Software, Inc.,*
7       939 F.Supp. 57 (D.Mass.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8  *Hanon v. Dataproducts Corp.,*
9       976 F.2d 497 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10  *In re Cavanaugh,*
11       306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

12  *In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,*
13       693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14  *Johnson v. Celotex Corp.,*
       899 F.2d 1281 (2nd Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15  *Richardson v. TVIA, Inc.,*
16       2007 WL 1129344 (N.D.Cal. April 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17  *Takeda v. Turbodyne Techs. Inc.,*
18       67 F. Supp. 2d. 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19

20

**STATUTES AND MISCELLANEOUS**

21

22  The Private Securities Litigation Reform Act of 1995 . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
23
24  15 U.S.C. §§ 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

25  Fed. Rule of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

27

28

## I.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether consolidation of the above-captioned related actions is appropriate under Rule 42 of the Federal Rules of Civil Procedure when the related actions involve common questions of law and fact?

2.   Whether Movant Norbert Muller has the largest financial interest in this case, has made a preliminary showing that he satisfies Rule 23 of the Federal Rules of Civil Procedure, and thus is the "most adequate plaintiff," requiring his appointment as lead plaintiff for the class and approval of his selection of counsel pursuant to the PSLRA?

## II.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of Immersion Corporation ("Immersion" or the "Company") between May 3, 2007 and July 1, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Named as defendants are the Company and certain of its executive officers.

Defendant Immersion develops, manufactures, licenses and supports a range of hardware and software technologies and products that enhance digital devices with touch interaction. Plaintiff alleges that throughout the Class Period the defendants made false and/or misleading statements, and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company overstated its income tax expense; (2) the Company improperly recognized revenue; (3) as a result, the Company's revenue, accounts receivable, and financial results were overstated during the Class Period; (4) the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (5) the Company lacked adequate internal and financial controls; and (6),

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On February 28, 2008, Immersion shocked investors when it announced that the Company's previously filed condensed consolidated financial statements contained in Immersion's Forms 10-Q for the quarterly periods ended March 31, 2007, June 30, 2007, and September 30, 2007, should no longer be relied upon due to errors in the accounting of income taxes.  Moreover, the Company disclosed that as a result of these errors the provision for income taxes for the three-, six- and nine-month periods ended March 31, 2007, June 30, 2007 and September 30, 2007, respectively, was understated by $6.6 million, and that management concluded that the Company's Condensed Consolidated Balance Sheets, Condensed Consolidated Statements of Operations, Condensed Consolidated Statements of Cash Flows reported in Immersion's Quarterly Financial Statements, and related discussion of provision for income taxes in Management's Discussion and Analysis of Financial Condition and Results of Operations should be restated in order to correct these errors.

As a result of this news, the price of Immersion shares declined $1.81 per share, or 17.68%, to close on February 29, 2008, at $8.43 per share, on unusually heavy volume.

Subsequently, on July 1, 2009, Immersion further shocked investors when it announced that the Audit Committee of the Board of Directors of Immersion was conducting an internal investigation into certain previous revenue transactions in the Company's Medical line of business.  The Company further disclosed that, as a result of this investigation, Immersion's previously reported financial information could be materially impacted.

In reaction to this news, shares of Immersion declined $1.14 per share, more than 23%, to close on July 1, 2009, at $3.80 per share, on unusually heavy trading volume.

**III.    PROCEDURAL HISTORY**

        Plaintiff Frank Hodges commenced the first of the above-captioned actions on September 2, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service.  *See* Declaration of Michael Goldberg In Support of Motion of Norbert Muller for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Co-Lead Counsel (the "Goldberg Declaration") at Exhibit A.

        In addition to the *Hodges* action, four actions subsequently were filed in this District naming the same core defendants, and alleging the same factual events and the same legal bases for their claims, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5  (collectively, the "Securities Actions").  On October 19, 2009, this Court issued an Order finding the above-captioned Securities Actions are related to each other, and to two shareholder derivative actions asserting breach of fiduciary duty claims on behalf Immersion Corporation[1],  pursuant to Civil L.R. 3-12(a). Each of the related Securities Actions is reflected above in the caption of this document.

        Movant brings the instant motion for, *inter alia*, appointment as lead plaintiff in the Securities Actions, pursuant to the *Hodges* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of plaintiff's September 2, 2009 notice.

---

        [1]The related shareholder derivative actions are *Bilodeau v. Viegas, et al.*, No. 09-cv-04291-RS (filed September 15, 2009), and *Semelis v. Richardson, et al.*, No. 09-cv-04599-RS (filed September 29, 2009).

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

4

## IV.   ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).  The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as defendants.  Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions.  Accordingly, consolidation under Rule 42(a) is appropriate.

### B.      Norbert Muller Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant Norbert Muller satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate lead plaintiff for the Class.

### 1.    Norbert Muller Is Making A Motion In Response To A Notice

Plaintiff Frank Hodges commenced the instant action on September 2, 2009, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Hodges published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Immersion stock that they had until November 2, 2009, to file a motion to be appointed as lead plaintiff.  Norbert Muller files the instant motion pursuant to the *Hodges* complaint and published notice, and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Goldberg Declaration, Exhibit B.  Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2.    Norbert Muller Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

---

[2] *See Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 64 (D.Mass.1996).

sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Norbert Muller purchased 15,000 shares of Immersion at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions, and as result, Movant has suffered losses of $196,161.20.  *See* Goldberg Declaration, Exhibit C.

To the best of his knowledge, Norbert Muller believes that he has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3. Norbert Muller Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.

*In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002).  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

### a.      Norbert Muller's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

Here, Norbert Muller's claims are typical of the claims asserted by the Class. Norbert Muller, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Immersion's business, operations and prospects. Norbert Muller, like all of the members of the Class, purchased Immersion shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, the claims of Norbert Muller are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.      Norbert Muller Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

8

The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).

Norbert Muller has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is willing and able to take an active role in and control the litigation.  Movant has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff.   Movant is not aware of any antagonism between his interests and those of other Class members. Moreover, Movant has sustained substantial financial losses from his investments in Immersion securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

**4.      Norbert Muller Is Presumptively The Most Adequate Lead Plaintiff**

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

No. 09-cv-04073-MMC
NOTICE OF MOTION AND MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

9

The presumption that Norbert Muller is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant believes that he has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff.  The ability of Movant to fairly and adequately represent the Class is discussed above.  Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class.  In addition, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation").  Accordingly, Norbert Muller should be appointed lead plaintiff for the Class.

## B.    The Court Should Approve Movant's Choice of Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest" of the plaintiff class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Kirby McInerney, LLP and Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain these firms as plaintiff's co-lead counsel, in the event he is appointed lead plaintiff.  Kirby McInerney, LLP and Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Goldberg Declaration as Exhibits D and E.  Thus,

1  the Court may be assured that, by granting Norbert Muller's motion, the Class will receive the

2  highest caliber of legal representation.

3  **V.      CONCLUSION**

4

5          For the foregoing reasons, Movant respectfully asks the Court to grant his motion and

6  enter an order (a) consolidating the related actions, (b) appointing Norbert Muller as lead plaintiff

7  and (c) approving his selection of Kirby McInerney, LLP and Glancy Binkow & Goldberg LLP as

8  co-lead counsel, and granting such other relief as the Court may deem just and proper.

9

10  Dated: November 2, 2009                     Respectfully submitted,

11                                              **GLANCY BINKOW & GOLDBERG LLP**

12                                              By:  ___/s/ ***Michael Goldberg***_____

13                                                      Lionel Z. Glancy
                                                        Michael Goldberg

14                                              1801 Avenue of the Stars, Suite 311

15                                              Los Angeles, California 90067
                                                Telephone:  (310) 201-9150

16                                              Facsimile:    (310) 201-9160

17                                              **KIRBY MCINERNEY, LLP**

18                                              Ira M. Press
                                                Steven Cohn

19                                              825 Third Ave, 16th Floor

20                                              New York, NY 10022
                                                Telephone: (212) 317-2300

21                                              Facsimile: (212) 751-2540

22                                              ***Attorneys for Movant Norbert Muller***

23                                              ***and Proposed Co-Lead Counsel***

24

25

26

27

28

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California  90067.

On November 2, 2009, I caused to be served the following document:

1. **NOTICE OF MOTION AND MOTION  OF NORBERT MULLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

2. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

3. **[PROPOSED] ORDER GRANTING MOTION OF NORBERT MULLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

By posting this document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the following parties:

**SEE ATTACHED SERVICE LIST**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 2, 2009, at Los Angeles, California.

_s/Michael Goldberg_
Michael Goldberg

---

ECF POS Sasha.wpd

CERTIFICATE OF SERVICE

Page 1

1    *Hodges.v. Immersion Corp., et al.*, No. 09-cv-04073-MMC

2                    <u>SERVICE LIST</u>

3         <u>Electronically To All ECF-Registered Entities</u>

4

5    Shawn A. Williams                    580 California Street
     Coughlin Stoia Geller               Suite 1750
6        Rudman & Robbins LLP            San Francisco, CA 94104
     100 Pine Street Suite 2600          Tel: 415-400-3005
7    San Francisco, CA 94111             Fax: 415-400-3001
     Tel: 415-288-4545
8    Fax: 415-288-4534                   Felix Shih-Young Lee
                                         Jay L. Pomerantz
9    Darren Jay Robbins                  Fenwick & West LLP
     David C. Walton                     Silicon Valley Center
10   Coughlin Stoia Geller               801 California Street
         Rudman & Robbins LLP            Mountain View, CA 94041
11   655 West Broadway                   Tel: 650-988-8500
     Suite 1900                          Fax: 650-938-5200
12   San Diego, CA 92101
     Tel: 619-231-1058                   Jennifer Corinne Bretan
13   Fax: 619-231-7423                   Susan Samuels Muck
                                         Fenwick & West LLP
14   Willow E. Radcliffe                 555 California Street
     Coughlin Stoia Geller               12th Floor
15       Rudman & Robbins LLP            San Francisco, CA 94104
     100 Pine Street Suite 2600          Tel: 415-875-2300
16   San Francisco, CA 94111             Fax: 415-281-1350
     Tel; 415/288-4545
17   Fax: 415-288-4534

18   Betsy Carol Manifold
19   Francis M. Gregorek
     Rachele R. Rickert
20   Wolf Haldenstein Adler Freeman & Herz
     Symphony Towers
21   750 B Street Suite 2770
     San Diego, CA 92101
22   Tel: 619-239-4599

23

24
     Frank James Johnson
25   Johnson Bottini LLP
     655 W. Broadway, Suite 1400
26   San Diego, CA 92101
     Tel: 619-230-0063
27   Fax: 619-233-5535

28   Erik David Peterson
     Ramzi Abadou
     Barroway Topaz Kessler
         Meltzer Check, LLP

1

2

**By US Mail To All Known Non-ECF-Registered Entities**

3

4   Ira M. Press
    Steven Cohn
5   Kirby McInerney, LLP
    825 Third Ave
6   16th Floor
    New York, NY 10022
7   Tel: (212) 317-2300
    Fax: (212) 751-2540
8

9   Law Offices of Howard G. Smith
    3070 Bristol Pike, Suite 112
    Bensalem, PA 19020
10  Tel: 215-638-4847
    Fax: 215-638-4867
11

12  Jack G Fruchter
    Abraham Fruchter & Twerskey, LLP
    One Pennsylvania Plaza
13  Suite 2805
    New York, NY 10119
14  Tel: 212-279-5050
    Fax: 212-279-3655
15

16  Joe Kendall
    Hamilton Lindley
17  Kendall Law Group, LLP
    3232 McKinney Ave.
18  Suite 700
    Dallas TX 75204
19  Tel: 214-744-3000
    Fax: 214-744-3015
20

21

22

23

24

25

26

27

28