COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
triciam@csgrr.com
       – and –
WILLOW E. RADCLIFFE (200087)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
willowr@csgrr.com

[Proposed] Liaison Counsel

BROWER PIVEN, P.C.
DAVID A.P. BROWER
488 Madison Avenue, Eighth Floor
New York, NY 10022
Telephone: 212/501-9000
212/501-0300 (fax)
brower@browerpiven.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HODGES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>IMMERSION CORPORATION, et al.,<br><br>                Defendants. | No. 09-cv-04073-MMC<br><br><u>CLASS ACTION</u><br><br>JOHN P. LOOS'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: DECEMBER 18, 2009<br>TIME: 9:00 A.M.<br>CTRM: 7 |

1 **NOTICE OF MOTION AND MOTION**

2  TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3  PLEASE TAKE NOTICE that on Friday, December 18, 2009, at 9:00 a.m., or as soon
4 thereafter as the matter may be heard in Courtroom 7 of the Honorable Maxine M. Chesney, John P.
5 Loos ( "Mr. Loos" or "Movant") will and hereby does move this Court pursuant to the Private
6 Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1)
7 consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Loos as lead
8 plaintiff; and (3) approving lead plaintiff's selection of Brower Piven, A Professional Corporation
9 ("Brower Piven") as Lead Counsel and Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin
10 Stoia") as Liaison Counsel for the Class.  This Motion is made on the grounds that Mr. Loos is the
11 "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, Mr. Loos submits
12 herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick
13 ("McCormick Decl.").

14 **MEMORANDUM OF POINTS AND AUTHORITIES**

15 **I.   STATEMENT OF ISSUES TO BE DECIDED**

16  Presently pending in this Court are five securities class action lawsuits (the "Related
17 Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded
18 securities of Immersion Corporation ("Immersion" or the "Company") between May 3, 2007 and
19 July 1, 2009 (the "Class Period").[1]  The following Related Actions assert claims pursuant to the
20 Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Immersion publicly-
21 traded securities during the Class Period (the "Class"):

---

[1]   This is the longest class period alleged in the Related Actions.  Some of the cases end the class period on June 30, 2009.  These slight differences in the class period will be resolved upon the filing of a consolidated complaint.

JOHN P. LOOS'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 09-cv-04073-MMC     - 1 -

| Abbreviated Case Name[2] | Case Number | Date Filed |
|---|---|---|
| *Hodges v. Immersion Corp., et al.* | 3:09-cv-04073-MMC | September 2, 2009 |
| *Posner v. Immersion Corp., et al.* | 4:09-cv-04118-MMC | September 4, 2009 |
| *Barrios v. Immersion Corp., et al.* | 5:09-cv-04412-MMC | September 18, 2009 |
| *Buell v. Immersion Corp., et al.* | 3:09-cv-04561-MMC | September 28, 2009 |
| *Benson v. Immersion Corp., et al.* | 5:09-cv-04744-MMC | October 5, 2009 |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the Court is to appoint as lead plaintiff the member of the purported Class with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, Mr. Loos should be appointed as lead plaintiff because he: (1) timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or group of persons of which he is aware; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

In addition, Mr. Loos's selection of Brower Piven to serve as Lead Counsel and Coughlin Stoia as Liaison Counsel should be approved because they possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

---

[2] On October 19, 2009 the Court ruled that the following cases are related as defined by Civ. L.R.3-12(a). The Order also included two derivative cases which are not included in this Motion. *See* Docket #20.

## II. SUMMARY OF THE ACTION[3]

Immersion is a provider of haptic technologies, which allow people to use their sense of touch while operating a variety of digital devices. Throughout the Class Period, defendants issued materially false and misleading statements regarding the Company's transactions in its Medical line of business. Specifically, defendants failed to disclose that Immersion's revenue recognition practices in its Medical line of business were improper. During the Class Period, however, defendants knew, but concealed from the investing public during the Class Period that: (a) the Company's revenue recognition practices with respect to its Medical line of business did not comply with Generally Accepted Accounting Principles; and (b) the Company's reported revenue and earnings were overstated due to the Company's false accounting.

As a result of defendants' false and misleading statements, Immersion stock traded at artificially inflated prices during the Class Period, reaching a high of $20.50 per share on July 13, 2007. Subsequently, in February 2008, Immersion announced a correction of its income tax expense for its interim 2007 results, causing the Company's stock to drop somewhat, but the stock continued to trade at artificially inflated levels due to the Company's reported profitability. Then, on July 1, 2009, before the market opened, the Company issued a press release announcing that the Audit Committee of the Company's Board was conducting an internal investigation into certain previous revenue transactions in its Medical line of business. On this news, Immersion's stock dropped over 23% from a close of $4.94 per share on June 30, 2009 to a close of $3.80 per share on July 1, 2009.

## III. ARGUMENT

### A. This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this

---

[3] This factual summary is taken from the allegations in the Complaint for Violation of Federal Securities Laws filed in *Hodges v Immersion Corp.,* 3:09-cv-04073-MMC, on September 2, 2009.

District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

**B.     The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff**

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] . . . until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

Mr. Loos respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

### C.  Mr. Loos Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on September 2, 2009, on *Business Wire* in connection with the filing of the first-filed action. *See* McCormick Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Loos meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1.  Mr. Loos's Motion Is Timely

Mr. Loos has timely filed this Motion within 60 days of the September 2, 2009 notice publication, and has also duly signed and filed his certification evidencing, among other things, his

JOHN P. LOOS'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 09-cv-04073-MMC        - 5 -

willingness to serve as a representative party on behalf of the Class.  *See* McCormick Decl., Ex. A. Accordingly, Mr. Loos has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff considered by the Court.

### 2. Mr. Loos Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Cavanaugh*, 306 F.3d at 732.  As demonstrated herein, Mr. Loos has losses of approximately $1,222,313.89.  *See* McCormick Decl., Exs. A and B.[4]  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest.  Therefore, Mr. Loos satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Mr. Loos Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730.  As detailed below, Mr. Loos satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when

---

[4] The first-in-first-out ("FIFO") method was used for calculating the financial loss, which "has been established as a legitimate method for computing losses or gains from stock purchases or sales." *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys.*, No. C01-20418 JW, 2004 U.S. Dist. LEXIS 27008, at *11 (N.D. Cal. May 27, 2004).

1  representative plaintiffs' claims arise out of the same event or course of conduct as do the other class
2  members' claims, and are based on the same legal theories).  The threshold typicality and
3  commonality requirements are not high; Rule 23(a) requires only that resolution of the common
4  questions affect all, or a substantial number of, class members.  *Slaven v. BP Am., Inc.*, 190 F.R.D.
5  649, 657 (C.D. Cal. 2000).  The adequacy requirement is met if no conflicts exist between the
6  representative and class interests and the representative's attorneys are qualified, experienced and
7  generally able to conduct the litigation.  *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist.
8  LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing
9  Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

10       Here, Mr. Loos meets the typicality and adequacy requirements because, like all other
11 members of the purported Class, he purchased Immersion securities during the Class Period in
12 reliance upon defendants' false and misleading statements and suffered damages thereby.  Because
13 Mr. Loos's claims are premised on the same legal and remedial theories and are based on the same
14 types of alleged misrepresentations and omissions as the Class's claims, typicality is satisfied.  *See
15 In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5,
16 2004).  Additionally, Mr. Loos is not subject to any unique defenses and there is no evidence of any
17 conflicts between Mr. Loos and the other Class members.

18       Mr. Loos therefore satisfies the *prima facie* showing of the typicality and adequacy
19 requirements of Rule 23 for purposes of this Motion.

20       **D.**    **This Court Should Approve Mr. Loos's Selection of Counsel**

21       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to
22 this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts should not disturb the lead
23 plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.
24 §78u-4(a)(3)(B)(iii)(II)(aa).

25       Here, Mr. Loos has selected Brower Piven as lead counsel for the Class.  Brower Piven is a
26 law firm that is actively engaged in complex litigation, including securities class actions.  Brower
27 Piven possesses experience litigating securities class actions and has successfully prosecuted
28 numerous securities fraud class actions on behalf of injured investors.  *See* McCormick Decl., Ex. D.

In addition, Mr. Loos has selected Coughlin Stoia to serve as liaison counsel. Coughlin Stoia has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* McCormick Decl., Ex. E. Thus, the Court may be assured that in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available from Brower Piven as lead counsel and Coughlin Stoia as liaison counsel. Because Mr. Loos has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the Class, his choice of Brower Piven as lead counsel and Coughlin Stoia as liaison counsel should be approved.

**IV.     CONCLUSION**

For the foregoing reasons, Mr. Loos respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Loos as Lead Plaintiff; and (3) approve Mr. Loos's selection of Lead Counsel and Liaison Counsel for the Class.

DATED: November 2, 2009                     Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK


              s/ TRICIA L. McCORMICK
                 TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLOW E. RADCLIFFE
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Liaison Counsel

| | |
|---|---|
| 1 | |
| 2 | BROWER PIVEN, P.C.<br>DAVID A.P. BROWER |
| 3 | 488 Madison Avenue, Eighth Floor<br>New York, NY  10022 |
| 4 | Telephone:  212/501-9000<br>212/501-0300 (fax) |
| 5 | [Proposed] Lead Counsel for Plaintiffs |
| 6 | S:\CasesSD\Immersion 09\Lead Plantiff\BRF00062787.doc |

JOHN P. LOOS'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 09-cv-04073-MMC      - 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| Jack G. Fruchter<br>Abraham, Fruchter & Twersky, LLP<br>One Pennsylvania Plaza, Suite 2805<br>New York, NY 10119<br>212/279-5050<br>212/279-3655(Fax) | Ramzi Abadou<br>Erik D. Peterson<br>Barroway Topaz Kessler Meltzer<br>    & Check, LLP<br>580 California Street, Suite 1750<br>San Francisco, CA 94104<br>415/400-3000<br>415/400-3001(Fax) |
| David A.P. Brower<br>Brower Piven, P.C.<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br>212/501-9000<br>212/501-0300(Fax) | Lionel Z. Glancy<br>Michael Goldberg<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>310/201-9150<br>310/201-9160(Fax) |
| Joe Kendall<br>Hamilton P. Lindley<br>Kendall Law Group, LLP<br>3232 McKinney Avenue, Suite 700<br>Dallas, TX 75204<br>214/744-3000<br>214/744-3015(Fax) | Ira M. Press<br>Kirby McInerney LLP<br>825 Third Avenue, 16th Floor<br>New York, NY 10022<br>212/371-6600<br>212/751-2540(Fax) |
| Bruce G. Murphy<br>Law Offices of Bruce G. Murphy<br>265 Llwyds Lane<br>Vero Beach, FL 32963<br>772/231-4202<br>772/234-0440(Fax) | Howard G. Smith<br>Law Offices of Howard G. Smith<br>3070 Bristol Pike, Suite 112<br>Bensalem, PA 19020<br>215/638-4847<br>215/638-4867(Fax) |
| Brian P. Murray<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>212/682-1818<br>212/682-1892(Fax) | Patrick V. Dahlstrom<br>Pomerantz Haudek Block Grossman<br>    & Gross LLP<br>10 South LaSalle Street, Suite 1000<br>Chicago, IL 60603<br>312/377-1181<br>312/377-1184(Fax) |

1  I certify under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.  Executed on November 2, 2009.

3
4                      s/ TRICIA L. McCORMICK
                    TRICIA L. McCORMICK

5  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
6  655 West Broadway, Suite 1900
7  San Diego, CA  92101-3301
  Telephone:  619/231-1058
8  619/231-7423 (fax)

9  E-mail: triciam@csgrr.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN P. LOOS'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT
OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL - 09-cv-04073-MMC   - 2 -

## Mailing Information for a Case 3:09-cv-04073-MMC

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,kdeleon@fenwick.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Frank James Johnson**
  frankj@johnsonbottini.com,brett@johnsonbottini.com,paralegal@johnsonbottini.com,frankb@johnsonbottini.com

- **Felix Shih-Young Lee**
  flee@fenwick.com

- **Betsy Carol Manifold**
  manifold@whafh.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com,kdeleon@fenwick.com

- **Jay L. Pomerantz**
  jpomerantz@fenwick.com,slim@fenwick.com

- **Willow E. Radcliffe**
  willowr@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **David C. Walton**
  davew@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,ptiffith@csgrr.com,jdecena@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,travisd@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`